IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH DWAYNE ANDERSON, JR.                                                              PLAINTIFF

v.                                        Case No. 4:25-cv-04018

OFFICER CULLEN MATLOCK;
JAILER S. SMITH; JAILER JESSICA
WISE; JAIL ADMINISTRATOR RAMI
COX; JOHN DOES 1-4, *Officers, Lafayette
County Detention Center*; and SHERIFF
BLACK, *Lafayette County, Arkansas*                                                        DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation filed on September 10, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 36). Plaintiff filed objections. (ECF No. 37). The Court finds the matter ripe for consideration.

**I.   BACKGROUND**

On March 7, 2025, Plaintiff filed this action under 42 U.S.C. § 1983 in connection with an incident that occurred on September 24, 2024, while he was in the Lafayette County Detention Center. (ECF No. 1). Plaintiff alleges that he was forced to take a non-vegetarian lunch tray.[1] When Plaintiff refused the tray, Defendant Matlock was called to the scene. Defendant Matlock forcefully grabbed and tazed Plaintiff, "causing [Plaintiff] to retaliate." (ECF No. 10, at 5). Plaintiff alleges that he was then sprayed with pepper spray by Defendant Smith and attacked by two inmates. Defendant Matlock shot Plaintiff with his taser in the face at point blank range. After Plaintiff was tazed, one of the inmates forced him into an isolation cell. Plaintiff alleges that

---

[1] On April 24, 2025, Plaintiff filed an amended complaint. (ECF No. 10). The facts stated in this section come from Plaintiff's amended complaint.

Defendants Cox, Smith, Wise, and Matlock watched these events and failed to act or provide Plaintiff medical treatment.

Four unidentified officers ("Defendants John Does 1-4") entered the isolation cell, placed restraints on Plaintiff, and forced him to the ground. Defendants John Does 1-4 kneeled on Plaintiff's back for over ten minutes, causing Plaintiff to experience difficulty in breathing. Defendants John Does 1-4 affixed more restraints and a spit mask to Plaintiff. Defendants John Does 1-4 transferred Plaintiff to the Miller County Detention Center while he had chemical agents from the pepper spray on his face and body and a bleeding, open wound above his eye from the incident. Plaintiff was later transferred to the Wadley Hospital for treatment and stitches. Plaintiff asserts claims of cruel and unusual punishment, excessive force, denial of medical care, and deliberate indifference against Defendants in their individual and official capacities. Plaintiff seeks monetary damages.

On July 15, 2025, Defendants filed a Motion to Stay this action, arguing that Plaintiff currently has pending criminal charges in Lafayette County arising from the same incident at the heart of Plaintiff's Section 1983 claims. (ECF No. 25). Defendants seek a stay of Plaintiff's Section 1983 claims until his criminal proceedings are complete pursuant to the *Younger v. Harris* abstention doctrine.

Plaintiff's pending criminal proceeding in Lafayette County is for a charge of Impairing the Operation of a Vital Public Facility and Battery 2nd Degree of Certain Victims.[2] The charges stem from the same September 24, 2024 incident that Plaintiff alleges in his amended complaint. Plaintiff's criminal trial is currently set for January 12, 2026.

---

[2] *See State v. Kenneth Dwayne Anderson Jr.*, 37CR-24-100, Lafayette Circuit Court, https://caseinfo.arcourts.gov/opad/case/37CR-24-100 (last visited Dec. 11, 2025).

Judge Bryant issued a Report and Recommendation on Defendant's Motion to Stay, recommending that Plaintiff's claims be administratively stayed pursuant to *Younger*. (ECF No. 36). Judge Bryant reasoned that Plaintiff's pending criminal charges involve the same incident giving rise to his allegations in his amended complaint. Thus, Judge Bryant concluded that this Court must abstain from Plaintiff's Section 1983 claims until Plaintiff's state criminal proceedings are complete. On September 30, 2025, Plaintiff filed his objections to the Report and Recommendation. (ECF No. 37).

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). "When conducting a *de novo* review, the district court makes its own determinations of disputed issues

and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted). The Court will conduct a *de novo* review in this case because Plaintiff filed timely and specific objections to the Report and Recommendation. (ECF No. 9).

In his objections, Plaintiff argues that his criminal charges and Section 1983 case are unrelated. Plaintiff also states that the "standard of *Younger v. Harris* does not apply" to this situation. (ECF No. 37, at 2).

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)). The *Younger* doctrine applies when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *see Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988) (noting that an exception to *Younger* doctrine exists when the prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights"). This bad-faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* doctrine applies here. First, there is an ongoing criminal case against Plaintiff in Lafayette County arising from the same events giving rise to Plaintiff's

excessive force and denial of medical care claims. Plaintiff objects that his criminal charges have "nothing to do with why [he] filed the civil rights violations," and requests that the Court review the security surveillance video of the September 24, 2024 incident. (ECF No. 37). The Court has reviewed the facts alleged by Plaintiff in his amended complaint and motion for summary judgment and finds that they mirror those alleged in Plaintiff's pending criminal charges. Second, the state has an important interest in enforcing its criminal laws. *See Conley v. Hiland*, No. 4:15CV00359 SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). Third, Plaintiff provides no indication that he cannot raise his constitutional claims during the state criminal proceedings. Further, Plaintiff does not allege bad faith or any other extraordinary circumstance that would make abstention inappropriate.[3] Thus, the Court must abstain from hearing Plaintiff's Section 1983 claims pursuant to *Younger* until his state criminal case is resolved.

In cases where only damages are sought in the federal suit, traditional abstention principles generally require a stay, as opposed to a dismissal, as the appropriate mode of abstention.[4] *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). This is true "[a]s long as there may be issues which will need to be determined in federal court." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999). Because Plaintiff seeks only monetary damages, traditional abstention practices generally favor a stay of this case rather than outright dismissal, and no exception applies requiring dismissal. *See id.* Accordingly, the Court will stay and administratively terminate this federal case until the pending state criminal charges are resolved. *See Yamaha Motor Corp., U.S.A.*, 179 F.3d at 604.

---

[3] The Court notes that Plaintiff stated in his response to Defendant's motion to stay that Defendants filed their motion with the intent to delay and in bad faith. (ECF No. 31). However, Plaintiff gave no reason or facts to support this assertion.

[4] However, a limited exception to this rule allows dismissal under *Younger* where an award of damages would require the federal court to first declare a state statute unconstitutional. *Night Clubs, Inc.*, 163 F.3d at 482.

5

### III. CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation (ECF No. 36) *in toto*. Plaintiff's claims are **ADMINISTRATIVELY TERMINATED**. If Plaintiff seeks to pursue his excessive force or denial of medical care claims after the state criminal proceedings have concluded, he may file a motion to reopen this case.

**IT IS SO ORDERED**, this 16th day of December, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Court